**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DANNY COLON,**

        **Plaintiff,**
    - v -

**D. PORLIAR; A. COLVIN; F. DELUKE;**
**S. BAXTER; K. COPELAND; and**
**J. KITCHNER;**
        **Defendants.**

                **09-CV-1006**
                **(MAD)**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

The trial of this action is scheduled to commence on August 13, 2012. Presently before the Court is plaintiff's motion *in limine*.

### DISCUSSION

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. U.S.*, 469 U.S. 38, 40 n. 2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) ("[t]he purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial'".) "A motion *in limine* to preclude evidence asks the court to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Blazina v. Port Auth. of New York and New Jersey*, 2008 WL 4539484, at \*1 (S.D.N.Y. 2008). As the disputes regarding the admissibility of evidence are made outside the context of the trial, the Court's rulings on the motions *in limine* are, "subject to

change when the case unfolds, particularly if the actual testimony differs from what was expected". *Levitant v. City of New York Human Res. Admin.*, 2011 WL 795050, at *1 (E.D.N.Y. 2011) (quoting *Luce*, 469 U.S. at 41 ("[o]wing to its preliminary nature, an *in limine* ruling, 'is subject to change when the case unfolds'".)

## DISCUSSION

Plaintiff seeks an Order permitting him to introduce portions of the transcript from plaintiff's Tier III Disciplinary Hearing held on May 2, 2007 before a hearing officer for the Department of Law. Specifically, plaintiff seeks to present the testimony of Victor Duke and Eric Burroughs claiming that these individuals were eyewitnesses to the alleged use of force on April 26, 2007. Defendants oppose plaintiff's motion.

"Testimony of a nonparty witness that was given at a prior hearing is, when offered for its truth, hearsay." *Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004) (citing Fed. R. Evid. 801(c)). Rule 801(b)(1) of the Federal Rules of Evidence provides:

> The following are not excluded by the rule against hearsay if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony that:
>
> (A) was given as a witness at a trial, hearing, or lawful deposition, whether given during the current proceeding or a different one; and
>
> (B) is now offered against a party who had--or, in a civil case, whose predecessor in interest had--an opportunity and similar motive to develop it by direct, cross-, or redirect examination.

Testimony is "not admissible at a subsequent trial under the exception for 'former testimony' unless the declarant is unavailable and the party against whom it is offered at the subsequent trial 'had an opportunity and similar motive' at the prior hearing 'to develop the

2

testimony by direct, cross, or redirect examination'". *Patterson,* 375 F.3d at 220 (citing Fed. R. Evid. 804(b)(1)).

With respect to unavailability, Rule 804(a)(5) provides that, "a declarant is considered to be unavailable as a witness if the declarant . . . is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure . . ." the witness' attendance or testimony. Courts have found that a witness does not qualify as "unavailable" due to a mere absence from a hearing where the proponent does not establish that any reasonable, good faith steps were taken to procure presence. *U.S. v. Solomon*, 24 F. App'x. 148, 149 (4th Cir. 2001); *but see Zola v. Gordon*, 1993 WL 247821, at *1 (S.D.N.Y. 1993) (the plaintiffs submitted detailed affidavits concerning their unsuccessful efforts to gain the voluntary attendance of witnesses).

Here, plaintiff has not met his burden of proving that the witnesses are unavailable. Plaintiff simply states, "various attempts to locate Mr. Duke and Mr. Burroughs . . . have been unsuccessful". Plaintiff annexed "Affidavits of Due Diligence" to his motion, which indicate that Michael S. Lupia, a process server, unsuccessfully searched the New York State Department of Corrections database for the witnesses and sent FOIA requests to the New York State Division of Parole. Those requests are pending. Thus, plaintiff has not established that the witnesses are unavailable for the purposes of Rule 804.

Moreover, even assuming plaintiff's efforts to locate the individuals were sufficient, plaintiff has not established the second prong of the test which requires that "the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *See* Rule 804(b)(1). The "similarity of motive" requirement necessitates an

3

inquiry into "'whether the party resisting the offered testimony at a pending proceeding had . . . an interest of substantially similar intensity to prove (or disprove) the same side of a substantially similar issue.'" *U.S. v. Jackson*, 335 F.3d 170, 178 (2d Cir. 2003) (quoting *U.S. v. DiNapoli*, 8 F.3d 909, 914-15 (2d Cir. 1993)).  The test must turn not only on whether the questioner is on the same side of the same issue at both proceedings, but also on whether the questioner had a substantially similar interest in asserting that side of the issue.  *DiNapoli*, 8 F.3d at 912.

Here, the parties do not dispute that defendants were not parties to the disciplinary hearing, defendants were not present at the hearing, were not represented by counsel at the hearing and had no opportunity to cross examine the witnesses at the hearing.  Therefore, in order to admit the hearing testimony, plaintiff must establish that the hearing officer was a predecessor in interest. Upon a review of plaintiff's motion and the record, the Court finds that plaintiff has failed to meet that burden.  While the present action and disciplinary proceeding involve the same incident, the proposed former testimony was presented by plaintiff to the hearing officer and consisted of plaintiff posing four questions to Duke and seven questions to Burroughs.  More importantly, the hearing officer did not cross examine either witness and, in fact, posed only one question to Duke and did not present any question to Burroughs.  *Cf. Johnson v. Baker*, 2009 WL 3486000, at *10  (W.D.Ky. 2009) (in a criminal matter, the prosecutor cross-examined Smith, so defendants in the civil matter were not been denied that opportunity).  Thus, the Court cannot conclude that the hearing officer was motivated to develop the witnesses testimony.   Moreover, the nature of the proceedings at issue differ in several respects. The disciplinary hearing was investigatory and lacked "the particular circumstances that drive and inform an adversary proceeding".  *See Ricciuti v. New York City Transit Auth.*, 1998 WL 171469 at * (S.D.N.Y. 1998)

(the testimony from a 50-h hearing conducted by a municipal agency was inadmissible at the defendant's civil trial).

Plaintiff has failed to establish that the hearing officer and defendants had shared interests and motivation sufficient to establish that the hearing officer was a "predecessor in interest" within the meaning of the statute. Plaintiff has failed to sustain his burden with either persuasive caselaw or necessary facts. The Court finds that defendants did not have an opportunity to develop the testimony of Duke or Burroughs by direct, cross, or redirect examination at the disciplinary hearing. Accordingly, the prior testimony is not admissible under Federal Rule of Evidence 804(b)(1).

## CONCLUSION

**It is hereby**

**ORDERED**, that plaintiff's motion *in limine* (Dkt. No. 81) to is DENIED.

**IT IS SO ORDERED.**

Dated: August 7, 2012
Albany, New York

Mae A. D'Agostino
U.S. District Judge